Barbour, C.J.
(dissenting). The testimony of Milo H. Parsons shows that if there was any agreement on the third of September by which the partnership was dissolved, such agreement is to be found in the written instrument or certificate signed by E. F. *454 Baker, and there only. His examination upon that question was as follows:
“ Q. When was that partnership dissolved ?
cc A. The forepart of September, sir.
“ Q. How was it dissolved ?
“ A. By rrmtual agreement between Baker and us.
“ Q. In writing ?
“ A. Yes, sir.
“ Q. It was dissolved by an agreement in writing ? .
“A. Yes, sir.”
The statement of Hilo Parsons, as well as that of Levi Parsons, to the effect that the partnership was dissolved on the third of September, must, therefore, be taken and understood to be the mere expression of the opinions of those witnesses as to the legal effect of the written instrument which, they say, embodied the agreement of dissolution.
As the language of the paper is unambiguous, its legal intent and effect must be determined, as matter of law, by the court.
I will not waste words in the discussion of the question as to whether the phrase “ the interest of M. H. Parsons and Levi S. Parsons in the ji/rm of E. F. Baker and Co.,” was designed to cover their interest in future profits and acquisitions, or only the property of which the firm was then the owner, for I am satisfied that the written instrument cannot, properly, be held to be an agreement between the partners in the firm dissolving the co-partnership, nor to constitute any evidence of a purchase by Baker, operating, in law, a dissolution.
First.—Even if we concede that Baker, in and by the paper in question, acknowledged that he had purchased all the interest and property, present and prospective, of his partners in the firm, and assuming, as we then may, that such purchase, if madé, operated in law and was a dissolution of such firm, still that paper does not constitute any legal evidence of the'purchase. If the purchase was made and perfected by means of a bill of sale or other written instrument, the paper itself, with proof of its delivery, would, if in existence, be the best and only evidence of *455 the fact; or, if not in writing, the bargain should be proven by some person who made or heard it. The mere certificate of the purchaser in such a case neither conveys to him a title nor is any evidence in an action against the firm that such purchase has been made.
Second.—The written instrument does not purport to be an agreement whereby the partners in the firm consent and mutually agree to a dissolution thereof.
Third.—It is not, m fact, an agreement at all. To constitute an agreement in writing between the partners, either dissolving the partnership or for any purpose, the signatures of all the parties thereto were essential, while the paper in question was signed by Baker only.
Fourth.—The paper is really nothing more than the written statement of one of the defendants in this action of a fact, and could not, properly, be read in evidence by the defendants, or either of them, in a suit against the firm to establish the fact therein stated, or for any purpose.
It appears to me, therefore, that the learned judge erred in admitting the paper as evidence, as well as in his charge to the jury upon the subject.
That error, however, would not entitle the plaintiff to upset the judgment if the evidence in the ease dehors the written instrument was sufficient to establish the fact that the partnership was dissolved on the third of September. But, I think it was not; for the defendants,having proven that the agreement by which the firm was dissolved was committed to writing, were precluded from proving such agreement otherwise than by its production; and the moment it appeared upon the trial that the agreement of dissolution was in writing, the statements contained in that instrument constituted the only evidence of the fact that the jury were authorized to consider (1 Greenleaf Ev., sec. 87). Besides, as the witnesses who state that the firm was dissolved on the third of September by an agreement between the parties also say that such agreement was in writing, although the writing produced by them does not constitute an agreement nor provide *456 for a dissolution, we cannot assume, as matter of law to be determined here, that those witnesses were not equally mistaken in supposing that any agreement was then made by which the firm was dissolved, more especially when we consider that they do not testify to the language used by the parties, nor even to the terms of the bargain, but only to a resulting fact or, rather, legal conclusion.
For these reasons I am of opinion that the judgment should be reversed, with costs, and a new trial granted.